UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MATHEW WILLIAMS ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GROUP 2029, INC. d/b/a BURGER KING, ) <br> ) <br> Defendant. ) <br> ) | Case: 1:24-cv-01146 <br><br><br> Jury Trial Demanded |

## COMPLAINT

**NOW COMES** Plaintiff, Mathew Williams ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Group 2029, Inc. d/b/a Burger King ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §12101 *et seq*.

3. Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. have occurred or been complied with.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Mathew Williams, resided in Peoria County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Group 2029, Inc. d/b/a Burger King, was a domestic BCA corporation doing business in and for Peoria County whose address is 3129 North University Street, Peoria, IL 61604.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. §12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## BACKGROUND FACTS

11. Plaintiff worked for Defendant as a Manager from in or around April 2022 until

his unlawful termination on or around October 30, 2023.

12. The essential functions of Plaintiff's job included but were not limited to:

- Scheduling shifts;
- Training new personnel;
- Ensuring that production lines run smoothly; and
- Filling in for various positions when the staff is shorthanded.

13. Plaintiff suffers from a physical disability that substantially limits one or more major life activities.

14. Plaintiff has arthritis in his shoulder which manifests in symptoms including but not limited to:

- Pain in Shoulder joint;
- Loss of flexibility;
- Grating sensation; and
- Swelling.

15. Regardless of his disability, Plaintiff performed or could have performed the essential functions of the job with or without accommodations.

16. Plaintiff is a "qualified individual" as defined under the ADA.

17. On or about March 13, 2023, Plaintiff notified Defendant of his disability diagnosis and provided Defendant with restrictions.

18. Plaintiff made the reasonable request for accommodations of avoiding repetitive motions.

19. This request would not have imposed an undue burden on Defendant, as there were many jobs and task to be completed that did not involve repetitive motions.

20. In or around August of 2023, Defendant hired a new General Manager.

21. Around the same time, Plaintiff began noticing that is hours were being cut dramatically due to Plaintiff's utilization of his requested reasonable accommodation.

22. By virtue of cutting Plaintiff's hours in retaliation for utilizing reasonable accommodations, Plaintiff's accommodations were effectively denied by Defendant.

23. Plaintiff's hours being cut forced Plaintiff to suffer financially.

24. Plaintiff faced such financial hardship from the reduction in hours that he was unable to afford to visit his father before he passed.

25. In or around October 2023, Plaintiff left work early to receive medical treatment to manage his disability.

26. Plaintiff then complained directly to his supervisor regarding the disparate treatment Plaintiff faced because of his disability.

27. Rather than conduct a prompt and thorough investigation into Plaintiff's complaint in order to prevent further disparate treatment, his Supervisor responded "grow up and stop being a child."

28. Less than a month later, on or about October 30, 2023, Plaintiff was terminated.

29. Due to the proximity in time between Plaintiff's complaint and Defendant's termination of Plaintiff, it was evident that Plaintiff was terminated in retaliation for complaining of disability-based discrimination.

30. The financial hardship that Plaintiff was already facing when his hours were cut only worsened after termination.

31. Plaintiff was unable to afford attending his father's funeral due to the wrongful

termination he suffered at the hands of Defendant.

32. Ultimately, on or about October 30, 2023, Plaintiff was terminated on the basis of Plaintiff's disability and for engaging in a protected activity as described above.

33. The purported justification for termination was unlawful discrimination on the basis of disability or because Defendant perceived Plaintiff as disabled.

## COUNT I
### Violation of the Americans with Disabilities Act
### (Disability-Based Discrimination)

34. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

35. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

36. Plaintiff met or exceeded performance expectations.

37. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

38. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

39. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

40. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

41. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

42. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Americans with Disabilities Act
### (Failure to Accommodate)

43. Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

44. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

45. Plaintiff is a qualified individual with a disability.

46. Defendant was aware of the disability and the need for accommodations.

47. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

48. Plaintiff's reasonable accommodations that was requested was not an undue burden on Defendant.

49. Defendant did not accommodate Plaintiff's disability.

50. Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*., due to Plaintiff's disability.

51. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

52. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of the Americans with Disabilities Act**
**(Disability-Based Harassment)**

53.     Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

54.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

55.     Defendant knew or should have known of the harassment.

56.     The disability-based harassment was severe or pervasive.

57.     The disability-based harassment was offensive subjectively and objectively.

58.     Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*., due to Plaintiff's disability.

59.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

60.     As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT VI**
**Violation of the Americans with Disabilities Act**
**(Retaliation)**

61.     Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

62.     Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq*.

63.     During Plaintiff's employment with Defendant, Plaintiff requested accommodations, utilized approved accommodations, and reported disability-based harassment.

64.     As such, Plaintiff engaged in protected conduct and was protected against unlawful

retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

65. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of disability-based harassment or discrimination.

66. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory or harassing conduct complained of by Plaintiff.

67. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodations, utilizing approved accommodations, and reporting disability-based harassment, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

68. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

69. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

70. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c.      Front pay;

    d.      Loss of benefits;

    e.      Compensatory and punitive damages;

    f.      Reasonable attorneys' fees and costs;

    g.      Award pre-judgment interest if applicable; and

    h.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury. Dated this 12th day of April 2024.

/s/ Alexander J. Taylor
**ALEXANDER J. TAYLOR, ESQ.**
*Counsel for Plaintiff*
**SULAIMAN LAW GROUP, LTD**
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (331) 272-1942
Facsimile: (630) 575-8188
Email: ataylor@sulaimanlaw.com